UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Calvin Lee Maynor**                           **Docket No. 7:19-CR-20-1D**

**Petition for Action on Supervised Release**

COMES NOW Jay Kellum, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Calvin Lee Maynor, who, upon an earlier plea of guilty to Possession with Intent to Distribute a Quantity of Cocaine and a Quantity of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and Using and Carrying a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(i), was sentenced by the Honorable James C. Dever III, U.S. District Judge, on June 18, 2020, to the custody of the Bureau of Prisons for a term of 90 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of five years.

Calvin Lee Maynor was released from custody on March 20, 2026, at which time the term of supervised release commenced in the Middle District of North Carolina (MDNC).

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premise, including any vehicle, to determine compliance with the conditions of this judgment.

4. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

5. The defendant shall provide the probation office with access to any requested financial information.

6. The defendant shall support his dependent(s).

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

On May 29, 2026, the undersigned probation officer was notified by Maynor's assigned probation officer, Nicholas Bullock with the Middle District of North Carolina, that on April 25, 2026, Maynor committed the following felony and misdemeanor offenses: Breaking and Entering a Motor Vehicle with Theft, two counts of Obtaining Property By False Pretenses, two counts of misdemeanor Larceny, and two counts of Possession of Stolen Goods. On May 1, 2026, charges were filed by the Randolph County Sheriff's Office, and on May 11, 2026, Maynor was arrested. On May 12, 2026, Maynor contacted his assigned probation officer and informed him of the charges noted above.

Additionally, the defendant possessed cocaine, as evidenced by a test conducted on May 29, 2026, that yielded positive results. Maynor was honest with his probation officer about his usage. He was verbally reprimanded and expressed remorse. Maynor has been referred to a local contract vendor to begin an approved course of substance abuse treatment.

At this time, his assigned probation officer requests that the charges be held in abeyance and the defendant be continued on supervision, as he denies the charges. Should the case result in a criminal conviction, the court will be notified with an appropriate recommended sanction.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

| | |
|---|---|
| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
| /s/ Melissa K. Lunsmann | /s/ Jay Kellum |
| Melissa K. Lunsmann | Jay Kellum |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | 200 Williamsburg Pkwy, Unit 2 |
| | Jacksonville, NC 28546-6762 |
| | Phone: 910-346-5109 |
| | Executed On: June 10, 2026 |

Calvin Lee Maynor
Docket No. 7:19-CR-20-1D
Petition For Action
Page 4

## ORDER OF THE COURT

Considered and ordered this ____11____ day of ___June_____, 2026, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge